**2322-CC00317**

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

Eugene Perkins,

              )
              )
   Plaintiff,         )
              )
   v.           )  Cause No.:
              )
Derrick Frye, Police Officer   )
Individual and Official Capacity  )
Serve at:  1915 Olive     )
     St. Louis, MO 63103  )
              )
   Defendant.       )

## PETITION FOR WRONGFUL DEATH

COMES NOW, Plaintiff Eugene Perkins, the biological father of Isaiah Perkins, the deceased by and through his attorneys, the LEGAL SOLUTION GROUP, L.L.C. complaining of the Defendants, the **DEREK FRYE** and each of them in the alternative, Plaintiff states as follows:

## PARTIES

1. That at all times pertinent to this lawsuit, Plaintiff Dennis Eugene Perkins was the father of decedent, Isiah Perkins.

2. Defendant Derek Frye, was at all relevant times a police officer with the St. Louis Metropolitan Police department and a resident of St. Louis, County, he is being sued in both his official and individual capacity.

1



**Waiver of Sovereign of Immunity**

3.     At all relevant times, Defendant City of St. Louis had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein. The purchase of that insurance constitutes a waiver of sovereign immunity by the Defendant Derrick Frye P.O. Officially.

## FACTS

4.     On or about July 20, 2017, Defendant Frye engaged Isiah Perkins in  a foot pursuit following an automobile crash at or around 6173 and 6177 Laura Ave., St. Louis, MO.

5.     Perkins ran through a gangway and jumped the fence between 6173 and 6177 Laura Ave.

6.     After Perkins was coming down the fence, Defendant Frye drew his weapon and fired several rounds striking Isiah Perkins in the back.

7.     Perkins was not armed and was not a threat at the time that Defendant Frye used deadly force.

8.     That at all times mentioned, Defendant Frey was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City of St. Louis and the State of Missouri and under the authority of their respective office as police officer

9.     Defendant Frye shot Perkins as an improper, and excessive abuse of Defendant Frye's authority to seize and arrest Mr. Perkins. Defendant Frye used an unauthorized and excessive use of force within his capacity as police officer.

10.     As a result of Defendants conduct, Plaintiff's son is now deceased causing extreme and emotional pain to Plaintiff.

2

## COUNT I – DEFENDANTS
**Wrongful Death**

11.     Plaintiff incorporates each and every allegation as though fully set herein.

12.     Plaintiff maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

13.     Defendant Frye intentionally discharged his firearm without justification causing an unreasonable apprehension of harm and death to Perkins.

14.     Defendant Frye fired his weapons at Perkins without justification, intentionally and wrongfully causing the death of Perkins.

15.     Defendant Frye's shooting death of Perkins was done in bad faith and with malice in that they intended to cause injury and done with a wicked purpose.

16.     Defendant Frye's use of force fell below the standard of an objectively reasonable police officer in similar or like circumstances. Defendant Frye is not entitled to official immunity because his actions were intentionally evil and with malice.

17.     As a direct and proximate result of the unlawful conduct of Defendants conduct described above, Perkins was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants caused or contributed to cause funeral and burial expenses. As a result of Perkin's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

18.     Plaintiff is entitled to recover for all damages, including pain and suffering experienced by Perkins, for which Perkins be entitled to claim had death not ensued.

WHEREFORE, Plaintiff prays for judgment against Defendants for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendants for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a Demand for Jury Trial on all issues.

THE LEGAL SOLUTION GROUP

By: /s/ Jermaine Wooten
    **Jermaine Wooten #MO59338**
    *Attorney for Plaintiffs*
    10250 Halls Ferry Road
    St. Louis, MO  63136
    Phone:  (314) 736-5770
    Fax:    (314) 736-5772
    Email:  jwooten@lsgstl.com