UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 23cv420 HEA |
| | ) |
| DERRICK FRYE, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 9]]. Defendant objects to the Motion. For the reasons set forth below, the Motion will be denied.

**Background**

On February 28, 2022, the Court granted Plaintiff's Motion to Dismiss in Cause No. 20CV1433 HEA. The dismissal was conditioned on any refiling being directly assigned to the undersigned. The Court further conditioned the dismissal that on refiling, Defendant can advise the Court that the motion for summary judgment is still at issue. Plaintiff must respond to the motion within 14 days from Defendant's notification to the Court.

**Discussion**

Rule 41(a)(2) allows an action to be dismissed at a plaintiff's request by court order after an answer has been filed "on terms that the court considers proper." Such a dismissal is without prejudice unless the court order states otherwise. It is well-established that "[m]ptions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Witzman v. Gross,* 148 F.3d 988, 991–92 (8th Cir.1998) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir.1984)). In exercising its discretion, a court should consider the following factors:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Witzman*, 148 F.3d at 992 (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987)). The Court determined that, although there was a motion for summary judgment was pending, these factors weighed in favor of granting Plaintiff's motion to dismiss without prejudice.

In the previous case, the Court acknowledged that an unconditional dismissal could prejudice Defendant because Plaintiff could re-file the same claims against him, thereby imposing duplicative, and extended litigation. The Court allowed the dismissal with the consideration in mind, hence the condition that Plaintiff's case be assigned to the undersigned and the previous motion for

2

summary judgment would be considered by the Court without extensive further discovery and costs.

Plaintiff did not file his action in this Court, rather, he attempted to file a wrongful death action in state court, alleging the same incident and circumstances as previously pled. To allow Plaintiff to circumvent the Court's previous conditions will not be tolerated. Whether Plaintiff intends to proceed under the Missouri wrongful death statute or under Section 1983 matters not. This Court, in conditioning the dismissal, retains supplemental jurisdiction to adjudicate both the Section 1983 claim and the state wrongful death claims.

## Conclusion

This Court retained supplemental jurisdiction from the previous conditional dismissal of Plaintiff's original action. As such, Plaintiff's Motion to Remand is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 9] is **DENIED**.

Dated this 21st day of February, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE